# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO.: 4:05CV-185-M

BRANT DUNN                                                                                      PLAINTIFF

v.

TIMOTHY EHST and
STATE FARM INSURANCE COMPANY                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), for summary judgment [DN 57]. The Court, having struck the plaintiff's response as untimely, this matter is now ripe for decision.

## I. SUMMARY JUDGMENT STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the

non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

## II. FACTUAL BACKGROUND

On February 25, 2005, the Plaintiff, Brant Dunn, was traveling east in his motor vehicle on State Route 109 in Sturgis, Kentucky. As Dunn slowed to make a lefthand turn onto Kelsey Street, he was rear-ended by Defendant Timothy Ehst. As a result of this collision, Dunn apparently suffered a herniated lumbar disc and other injuries. He first submitted a claim to his insurer, State Farm, on May 6, 2005, and between that date and November 23, 2005, State Farm paid $20,796.25 in basic reparations benefits (BRB). Dunn subsequently sued Ehst for his personal injuries, a claim which was eventually settled for $25,000, the minimum liability insurance limits required by Kentucky law. Arguing that Dunn suffered injuries well in excess of these limits, Dunn's attorney notified State Farm of his demand for the $50,000 limit provided by Dunn's underinsured motorist (UIM) coverage. Amy Hopgood, a State Farm claim representative, offered to settle the UIM claim for $5,000, but that offer was rejected by Dunn's attorney, who subsequently filed this claim against State Farm for bad faith.[1]

---

[1] Dunn's UIM claim was eventually settled for the $50,000 limits of his policy.

2

## III. DISCUSSION

Although Dunn has asserted three different theories of bad faith—the Kentucky Unfair Claims Settlement Practices Act, the Kentucky Consumer Protection Act, and common law bad faith—his claim is governed by a single test. Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 527 (6th Cir. 2006) (citation omitted). In order to state a claim for bad-faith under Kentucky law, the insured must prove three things: "(1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." Fed. Kemper Ins. Co. v. Hornback, 711 S.W.2d 844, 847 (Ky. 1986) (Leibson, J., dissenting) (adopted by incorporation in Curry v. Fireman's Fund Ins. Co., 784 S.W.2d 176, 178 (Ky. 1989)). Here, Dunn alleges that State Farm failed to settle his UIM claim in a fair manner. Under these circumstances, [t]he appropriate inquiry is whether there is sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable." Farmland Mut. Ins. Co. v. Johnson, 36 S.W.3d 368, 376 (Ky. 2000) (quotation omitted). The insurer is only liable for bad faith, however, if there is "sufficient evidence of intentional misconduct or reckless disregard of the rights of an insured or a claimant to warrant submitting the right to award punitive damages to the jury." Wittmer v. Jones, 864 S.W.2d 885, 890 (Ky. 1993)

In this case, State Farm has put on evidence that its agent, Amy Hopgood, handled

3

Dunn's claim in a reasonable manner. She evaluated Dunn's claim based upon the records that were provided to her, she made an assessment of the value of Dunn's injuries, and she made an offer to Dunn's attorney based upon that evaluation. (Amy Hopgood Dep. 140:1-141:12, Jan. 24, 2010.) In her deposition, Ms. Hopgood explained the manner in which she formulated the offer. She looked at the facts of the accident, the police report, the medical records, wage documentation, and correspondence with Dunn's attorney. (Id. at 57:1-19.) She also noted that Dunn has previously suffered a work related injury to the same area of his back, that Dunn did not lose consciousness during the accident, and that Dunn had a good post-operation recovery. (Id. at 112-116.) She offset other amounts Dunn recovered from Ehst's liability insurer and through BRB benefits and valued his UIM claim at $5,000 to $18,629.18. (Id. 142:1-3.)

In this case, State Farm has met its burden under Celotex of showing the lack of a genuine issue of material fact. Celotex Corp., 477 U.S. at 322. Thereafter, Dunn was required to produce specific facts demonstrating a genuine issue of fact for trial. Anderson, 477 U.S. at 247-48. Having failed to file a timely respond to State Farm's motion, he has not done so. Despite this lack of response, Dunn suggests that the Court is obligated to search the entire record in an attempt to find a genuine issue of fact for trial. But "[a] district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). Therefore, the Court finds that State Farm is entitled to summary judgment.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion by the defendant, State Farm Mutual Automobile Insurance Company, for summary judgment [DN 57] is **GRANTED**.


cc: Counsel of Record